UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
BYRON WALKER,                       :
                                    :
         Petitioner,                :    Civ. No. 16-9024 (NLH)
                                    :
    v.                              :    OPINION
                                    :
UNITED STATES OF AMERICA, et al.    :
                                    :
         Respondents.               :
_____ :

APPEARANCES:
Byron Walker, No. 46692-004
FCI – Ft. Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner Pro se

John Andrew Ruymann, Esq.
Office of the U.S. Attorney
402 East State Street, Suite 430
Trenton, NJ 08608
    Counsel for Respondent

HILLMAN, District Judge

    Petitioner Byron Walker, a prisoner confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the validity of his sentence. ECF No. 1. Presently before the Court is Respondent's Motion to Dismiss the Petition for lack of jurisdiction. ECF No. 10. Petitioner filed an opposition to the Motion, ECF. No. 11, and the Motion is now ripe for disposition. For the reasons that follow, the Court will grant the Motion and dismiss the Petition.

I. BACKGROUND

Petitioner was found guilty by jury in the United States District Court for the Southern District of Florida of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846; knowingly using and carrying a firearm during and in relation to a drug trafficking crime in violation of 21 U.S.C. §§ 846 and 923(c) and 2; and possession of unregistered firearms in violation of 26 U.S.C. §§ 5861(d), 5871 and 18 U.S.C. § 2. S.D. Fla. No. 95-cr-4754, D.E. No. 238. Pursuant to a jury interrogatory, the jury also found that Petitioner had knowingly used or carried a machinegun and that he had also knowingly used or carried a firearm equipped with a silencer. Id. The United States District Court for the Southern District of Florida sentenced Petitioner to 624 months' imprisonment, which was later reduced to 572 months' imprisonment pursuant to a motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of retroactive changes to the relevant sentencing guidelines. S.D. Fla. No 95-cr-4754, D.E. Nos. 493 (motion), 524 (resentencing). Petitioner's conviction and sentence were upheld by the United States Court of Appeals for the Eleventh Circuit on September 2, 1999. S.D. Fla. No 95-cr-4754, D.E. No. 398.

Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 on September 26, 2001, which was

denied on May 16, 2002. S.D. Fla. No. 95-cr-4754, D.E. Nos. 405 (motion), 415 (order). Petitioner then filed approximately three additional, successive motions pursuant to § 2255, which were dismissed by the Southern District of Florida for want of jurisdiction. D.E. Nos. 468 (second § 2255 petition), 470 (dismissal order); 483 (third § 2255 petition), 490 (dismissal order); 570 (fourth § 2255 petition), 572 (dismissal order).

Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on December 6, 2016. ECF No. 1. In it, he claims that his conviction for conspiracy to possess with intent to distribute cocaine is no longer valid after the Supreme Court of the United States' decision in <u>McFadden v. United States</u>, 135 S. Ct. 2298 (2015), ECF No. 1 at 8, ¶ 6, and that relief is authorized under § 2241 because § 2255 is inadequate or ineffective to test the legality of his detention, <u>id.</u> at 11, ¶ 10(c).

II. DISCUSSION

    A. Legal Standard

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n.3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2241, 2254.

B. Analysis

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.

The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

Under Dorsainvil and its progeny, this Court can exercise § 2241 jurisdiction over this Petition if, and only if, Petitioner

5

demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review.  See Dorsainvil, 119 F.3d at 251-52; Cradle, 290 F.3d at 539; Okereke, 307 F.3d at 120; Trenkler v. Pugh, 83 F. App'x 468, 470 (3d Cir. 2003).

In the instant matter, Petitioner does not allege facts to bring him within the Dorsainvil exception because McFadden does not apply to his conviction.  The McFadden case and holding implicated only the mens rea requirement for analogue substances under the Controlled Substance Analogue Enforcement Act of 1986; specifically, the analogue substances at issue in McFadden were "bath salts."  135 S. Ct. at 2302.  Here, Petitioner was not convicted of possession of an analogue; he was convicted of conspiracy to possess and intent to distribute cocaine, a non-analogue substance.  McFadden did not change the substantive law as to a non-analogue substance.  See 135 S. Ct. at 2304 (reiterating the well-established mens rea requirement for knowledge of typical, non-analogue controlled substances).  There is thus no retroactive change in the substantive law that would negate the criminality of his conduct.  Accordingly, this

Court lacks jurisdiction to entertain this challenge to Petitioner's conviction under § 2241.[1]

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Since Petitioner has already pursued a motion under § 2255, he must seek authorization from the Court of Appeals for the Eleventh Circuit to file a second or successive petition. 28 U.S.C. § 2244(b)(3). The Court finds that it is not in the interests of justice to transfer this habeas petition to the Eleventh Circuit as it does not appear Petitioner can satisfy the requirements of § 2244(b)(2). This Court's decision not to transfer the case does not prevent Petitioner seeking permission from the Eleventh Circuit on his own.

---

[1] The Court notes this same conclusion was reached when one of Petitioner's co-defendants raised this argument in the United States District Court for the District of Maryland. See Evans v. United States, No. 16-cv-4022, 2017 WL 3172799 (D. Md. July 25, 2017).

7

III. CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed due to a lack of jurisdiction. An appropriate order will be entered.

Dated: February 23, 2018        s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.